IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-cr-42 |
| Plaintiff, | |
| v. | **EXPEDITED MOTION FOR STAY OF RELEASE ORDER AND MOTION FOR FURTHER REVIEW** |
| DONDIAGO JONES, | |
| Defendant. | |

The United States of America, by Drew H. Wrigley, United States Attorney for

the District of North Dakota, and Dawn M. Deitz and Lori H. Conroy, Assistant United

States Attorneys, moves the Court to stay the Order (Doc. 260) issued on April 21, 2020,

which grants temporary release to Dondiago Jones ("Defendant"), pending further review

under 18 U.S.C. § 3145(a)(1). A magistrate judge has issued an order releasing

Defendant, and the United States moves for revocation of the order. The Court should

stay the release order pending receipt of expedited transcripts and a hearing on the

motion.

Courts have recognized that, for this right of review to have any meaning,

Defendant must be required to temporarily remain in custody while the government's

request for review is pending. Accordingly, courts have found that it is appropriate, and

customary, to grant a "stay" of release orders issued in cases in which the government has

voiced an intent to seek further review. For example, in United States v. Brigham, 569

F.3d 220 (5th Cir. 2009), the defendant argued that district courts simply possess

authority to review release orders issued by magistrate judges and have no authority to

stay such orders pending review. Id. at 229-30. The Fifth Circuit firmly rejected this claim, holding that although Section 3145 "does not expressly authorize a stay … the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered." Id. at 230. In a similar vein, the Eighth Circuit has commented on the importance of a district judge's review in certain instances. United States v. Maull, 773 F.2d 1479, 1485-86 (1985) (en banc). The Fifth Circuit also noted that such stays do not create a risk of "prolonged interim detention" because district courts are required, by statute, to "promptly" complete their review of release orders. Brigham, at 569 F.3d at 230.

This case involves a presumption of detention because there is probable cause to believe Defendant committed a violation of the Controlled Substances Act that is punishable by 10 years or more in prison. 18 U.S.C. § 3142(e)(3)(A). The United States maintains Defendant has failed to overcome this presumption of detention and prove he is not a danger to the community or at risk of nonappearance. See Docs. 196, 242. A total of four hearings have been held on this matter: (1) a detention hearing on March 6, 2020; (2) a hearing on Defendant's Motion for Release on March 27, 2020; (3) a status conference on March 31, 2020; and (4) a hearing on Defendant's Motion for Reconsideration on April 15, 2020. Testimony and proffered evidence was offered in relation to these

hearings.  The United States has already begun the process of requesting expedited

transcripts of each hearing in anticipation of this Court's review.[1]

For these reasons, the United States respectfully requests that the Court

immediately order a stay of the magistrate judge's release order (Doc. 260) and schedule

a hearing on the motion for review, pursuant to 18 U.S.C. § 3145(a)(1), taking into

account the timeline for production of expedited transcripts.

Dated: April 21, 2020

DREW H. WRIGLEY
United States Attorney

By:     */s/ Lori H. Conroy*_____
        LORI H. CONROY
        Assistant United States Attorney
        ND Bar ID 06416
        655 First Avenue North, Suite 250
        Fargo, ND  58102-4932
        (701) 297-7400
        lori.conroy@usdoj.gov
        Attorney for United States

By:     /s/ *Dawn M. Deitz*_____
        DAWN M. DEITZ
        Assistant United States Attorney
        ND Bar ID 06534
        655 First Avenue North, Suite 250
        Fargo, ND  58102-4932
        (701) 297-7400
        dawn.deitz@usdoj.gov
        Attorney for United States

---

[1] It is the United States' understanding that the timeline for production of expedited transcripts is within seven days.  Initial contact with the court reported indicated it may be as long as 14 days for preparation of these transcripts.