UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:20-cr-00042-PDW |
| | ) | |
| vs. | ) | **RESPONSE IN OPPOSITION TO** |
| | ) | **MOTION FOR STAY OF RELEASE** |
| DONDIAGO JONES, | ) | **ORDER AND MOTION FOR** |
| | ) | **FURTHER REVIEW** |
| Defendant. | ) | |

On April 21, 2020, Magistrate Judge Senechal issued an order granting Dondiago Jones "temporary release from pretrial detention" because he "met the burden to show a compelling reason" under 18 U.S.C. § 3142(i).[1] Less than three hours later, the government filed an "expedited motion for stay of release order and motion for further review."[2] For the reasons set forth below, the Court should reject the government's request.

### I.  Argument

Jones agrees with the government that district courts have authority to stay release orders issued by magistrate judges pending review.[3] However, Jones believes exercising such authority in this case would be inappropriate for three reasons.

---

[1] Doc. 260 at pp. 7–8, 12.

[2] Doc. 261 at p. 1.

[3] *Id.* at pp. 1–2.

1) <u>This is not your normal "stay pending appeal" case.</u>

The underpinnings of this entire protracted release fight is the risk posed to Jones if he remains in the Cass County Jail. As the government notes, four hearings were held on the matter.[4] And after those hearings, Judge Senechal sided with Jones, ruling that he needed to be released from the Jail immediately because of the risk posed to him by COVID-19.[5] Granting a stay would be antithetical to everything decided in Judge Senechal's order, particularly the science surrounding COVID-19.[6]

The whole point is to get Jones out of harm's way as quickly as possible. By the government's own admission, however, granting a stay would keep him in harm's way for at least 7, but more likely 14, additional days.[7] And that's just the time needed to prepare transcripts; more will be required to brief the appeal, have the hearing, and render a decision. By even the most optimistic timeline, Jones would likely remain in custody for at least another 30 days — hardly a requirement to "temporarily remain in custody" but rather much closer to prohibited "prolonged interim detention."[8]

Under normal circumstances, a requirement to "temporarily remain in custody" might not be particularly concerning; it's only a few more days in jail, after all. But here it absolutely is. Cases of COVID-19 in the Jail continue to rise and every

---

[4] *Id.* at pp. 2–3.

[5] Doc. 260 at pp. 7–12.

[6] *Id.* at pp. 5–7, 10.

[7] Doc. 261 at p. 3 n. 1.

[8] *Id.* at pp. 1, 2.

day Jones remains there his risk of contracting it increases.[9] Judge Senechal recognized this risk and granted him temporary release. The Court should uphold her order and allow Jones to be released while the government appeals.

2) <u>The government hasn't offered a compelling reason to grant a stay.</u>

The government requests a stay of Judge Senechal's release order, but offers no reason why one should be issued. Its motion focuses solely on the Court's authority to issue a stay — which Jones doesn't contest — rather than on why a stay should be issued. Again, as the government correctly points out, the release order was issued after extensive litigation, including multiple hearings. The order is lengthy, supported by ample facts and a well-developed record, and it applies the relevant law in support. To that end, the order applies 18 U.S.C. § 3142(i) and the four-factor test outlined in *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. Mar. 25, 2020). Consequently, Judge Senechal has concluded that a compelling reason, Jones's confirmed COVID-19 vulnerability and underlying health, demand his pretrial release, and the government offers no basis to stay an order that not only authorized release, but found compelling reasons to do so. In sum, simply requesting a stay is insufficient considering the demonstrated compelling reason.

3) <u>The order's restrictive release conditions will prevent Jones from harming the community or disappearing while the appeal is pending.</u>

While not actually argued by the government, the only possible reason why Jones should remain in custody pending appeal is the risk that he could "harm[] the

---

[9] *See* https://www.am1100theflag.com/news/17356-cass-county-jail-prepared-potential-covid-19-outbreak (noting two confirmed cases of COVID-19 and one presumptive positive in the Jail).

community or disappear[] by the time the district court's ruling is rendered and detention is ordered."[10] But that's very unlikely in this case given the strict release conditions set forth in Judge Senechal's order.[11] There are 15 conditions in all, but the specific ones which best rebut this concern are conditions 6 and 7. They require Jones to "participate in a home confinement program using GPS monitoring" and "restrict Jones to the Liddell (third-party custodian) residence at all times except to seek emergency medical treatment for himself."[12] Put another way, Jones is on GPS monitoring 24/7 and can't leave his release residence. If he does, his probation officer can have him arrested immediately before he can harm the community or disappear. He thus poses no risk of danger or flight if released pending appeal.

## II.    Other Matters

1) <u>Another hearing is unnecessary.</u>

Under 18 U.S.C. § 3145(a)(1), the government has no right to a hearing, but rather an opportunity to file a motion for revocation of Judge Senechal's release order. The government has now filed such a motion, and as it points out, there have already been several evidentiary hearings relating to its detention request. Accordingly, the record is fully developed. The government hasn't shown why another hearing is necessary given the established record before the Court, and as a result, its request for yet another hearing should be denied.

---

[10] Doc. 261 at p. 2.

[11] Doc. 260 at pp. 12–15.

[12] *Id.* at p. 13.

### III. Conclusion

Judge Senechal granted Dondiago Jones temporary release from custody because of the risk posed to him by COVID-19. The government now asks the Court to specifically reject this ruling and require Jones to remain in custody — and in harm's way — for at least another 30 days until an appeal decision can be rendered. That makes no sense. Every day Jones remains in custody is a day he runs the risk of contracting COVID-19. And if he contracts it, the whole point of trying to get him released becomes moot. Further, any risk Jones might pose upon release is mitigated by the restrictive conditions in Judge Senechal's order. The government can have Jones's probation officer monitor his GPS activity closely to make sure no funny business occurs. And if it does, Jones can promptly be arrested before anything snowballs. It's clear from Judge Senechal's order that she carefully considered the concerns identified by the government and structured a solution to mitigate against them. The Court shouldn't second-guess her, at least not while the appeal is pending.

Finally, Jones's approved third-party custodian, Faith Liddell, is able to drive from Bottineau to Fargo to pick up Jones and transport him to his release residence on Thursday, April 23, 2020. This is the only day Ms. Liddell has off from work in the near future, so if she's unable to pick him up then, it is unclear the next time she'll be available. Counsel thus respectfully requests the Court decide on the stay issue before then so that Ms. Liddell will know whether or not to make the eight-hour roundtrip to pick up Jones on Thursday.

Dated this 21st day of April, 2020.

                          Respectfully submitted,

                          */s/ Wm Dane DeKrey*
                          **Wm Dane DeKrey**
                          Attorney for Defendant
                          DeKrey Hock LLC
                          3542 16th Street South
                          Moorhead, MN  56560
                          Telephone: 307-389-3680
                          dekreyhock@gmail.com